**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JAMES MORRIS,                                                                                     PETITIONER
REG. # 11614-042

v.                                             No. 2:10-cv-00182-BSM-JJV

T. C. OUTLAW,                                                                                   RESPONDENT
Warden, FCI-Forrest City

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the new hearing was not offered at the

hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing (if such a hearing is granted) in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

### I. BACKGROUND

The factual and procedural histories of Mr. Morris' case were recited in a previous order, as follows:

> On August 28, 2002, Petitioner, James Allen Morris, was charged in a five-count Superseding Indictment in the Northern District of Mississippi. Pursuant to a written plea agreement, Petitioner pled guilty to two counts – Count One charging possession with the intent to distribute more than five grams of crack cocaine, a violation of 21 U.S.C. §841(a)(1) and Count Four charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 5, 2003, the district court entered judgment and sentenced Petitioner to concurrent terms of 230 months imprisonment on Count One and 120 months on Count Four, five years of supervised release, and a $200.00 special assessment.
>
> Petitioner filed a direct appeal to the United States Court of Appeals for the Fifth Circuit on March 9, 2003, arguing that the district court abused its discretion in denying his motion to withdraw his guilty pleas without holding an evidentiary hearing. *United States v. James Morris*, 85 Fed. Appx. 373, 2003 WL 23021940 *1 (5th Cir. 2003). The Court affirmed the decision of the district court concluding that "[i]t was Morris' burden to establish a 'fair and

just' reason for withdrawing his guilty pleas, and he ha[d] failed to do so." *Id.*

On April 16, 2004, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the United States District Court for the Northern District of Mississippi. In that petition, Petitioner alleged, among other grounds, that: (1) trial counsel was ineffective; (2) appellate counsel was ineffective for failing to raise issues preserved for appeal by trial counsel; (3) the government breached its plea agreement; and that (4) the court lacked jurisdiction to sentence him. On February 7, 2006, the district court for the Northern District of Mississippi held that "all of the Petitioner's claims – with the exception of the claim that the amount of crack cocaine used to compute his Guidelines sentence range – shall be dismissed." After resolving the issue regarding the amount of crack cocaine used to compute Petitioner's sentence, the district court dismissed the § 2255 petition on October 5, 2007.

Petitioner filed a subsequent appeal challenging the denial of his § 2255 petition and seeking a certificate of appealability. The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability because Petitioner "failed to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Petitioner subsequently filed a petition for reconsideration which was denied on July 25, 2008.

On February 27, 2009, Mr. Morris filed a 28 U.S.C. § 2241 petition alleging he did not qualify for the career criminal enhancement assessed under U.S.S.G. § 4B1.2. He argued that: (1) his state court conviction in Case No. 8923 was too old to qualify for § 4B1 enhancement; (2) he was not represented by counsel; (3) the document entered as evidence at sentencing was facially invalid; and (4) there was no plea colloquy or entry of judgment. On August 26, 2009, this Court dismissed this petition for lack of subject matter jurisdiction. This Court's decision was affirmed by the United States Court of Appeals for the Eighth Circuit on February 1, 2010, and a Mandate issued on March 25, 2010.

U.S.D.C., E.D. Arkansas, 2:09-cv-00025-JJV, Doc. No. 15.

In his 28 U.S.C. § 2241 petition, Mr. Morris advances two points: (1) that the Bureau of Prisons (hereinafter "BOP") has maintained three documents in his prison file that are

"uncertified from an unknown source" and "not . . . authenticated in accordance with record keeping laws;" and (2) that the BOP inappropriately relied on these documents in denying his request for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1).

The documents in question concern two prior convictions – a 1979 conviction for armed robbery and a 1982 conviction for aggravated assault. He seeks removal of the documents from his prison file.

## II.     EVIDENTIARY HEARING

On September 1, 2011, this Court held an evidentiary hearing to determine whether the BOP was holding Mr. Morris accountable for crimes he did not commit. The Court took testimony from Mr. Morris and allowed him an opportunity to recite his factual basis for questioning the authenticity of the challenged documents. Mr. Morris explained that the documents did not exist at the time he was sentenced, but that they were placed in his BOP file several years later. Mr. Morris further alleged that the BOP inappropriately used these documents to deny him a "3582 hearing" and to deny his request to be transferred to a low-security facility.

Mr. Morris appeared to be challenging the process by which the BOP received these documents but not the accuracy of the information contained therein. So the Court asked Mr. Morris whether or not he in fact committed the 1979 armed robbery and 1982 aggravated assault. In response, Mr. Morris stated that he was in fact the James Morris convicted of the armed robbery in 1979, but that he was not the James Morris listed for the 1982 aggravated assault. Under further questioning, Mr. Morris stated that he "was not admitting to the

aggravated assault the way [the Court] was presenting it to [him], as far as any legitimate conviction from Sunflower County." When asked to explain how the documents in question were fraudulent, Mr. Morris stated that the inmate time sheet from the Mississippi Department of Corrections[1] was "a fraud" because (1) he had never seen a time sheet like that while he was incarcerated in the Mississippi Department of Corrections and (2) given that he was released from the Mississippi Department of Corrections in 1992, the sheet's 2003 creation date, according to Mr. Morris, indicated that the sheet was suspect.

The Court then referenced Mr. Morris' pre-sentence investigation report (hereinafter "PSR"). The Court read the portion concerning the 1982 aggravated assault conviction and asked Mr. Morris if he had pled guilty to aggravated assault in 1982. Mr. Morris replied by saying that he "did not plead guilty to aggravated assault in Sunflower County Circuit Court in 1982." The Court then asked Mr. Morris if he pled guilty at any point during 1982 to aggravated assault. Mr. Morris responded that he was going to "take the Fifth Amendment on that one."

Upon hearing Mr. Morris' response, the Court was satisfied that Mr. Morris had in fact been convicted of both charges, including the aggravated assault in 1982. After making this finding, the Court noted that the 1982 conviction was listed on Mr. Morris' PSR, but he had not raised this authenticity claim at the time he was sentenced. Mr. Morris replied that he had made a general objection to the PSR and several specific objections to various parts of the PSR; however, Mr. Morris never stated that he objected to the accuracy of the 1982

---

[1]Petitioner's Exhibit 1.

conviction at sentencing. At the close of Mr. Morris' argument, he stated that in essence, the BOP unlawfully placed the documents at issue in his file and he was denied due process with regard to certifying the documents and the information.

At the hearing, the Court also heard from Respondent's counsel who noted that the probation office which conducted the pre-sentence investigation for Mr. Morris' federal sentencing hearing, confirmed the two convictions on the inmate time sheet and, as the Court previously indicated, Mr. Morris did not specifically object to the accuracy of the 1982 aggravated assault conviction. In addition, counsel stated there was no basis to believe the information contained in Mr. Morris' BOP file was inaccurate.

In response to a request by the Court, Respondent's counsel also explained the implications that the Privacy Act, 5 U.S.C. § 552a, had for this case. Specifically, Mr. Morris could not bring a Privacy Act claim in the instant proceeding because such a claim must be litigated in a separate civil suit. Also, Mr. Morris would not succeed in a Privacy Act claim in this case because the Bureau of Prisons' Central File is exempt from the scope of the Privacy Act.

## III.   ANALYSIS

### A.   Habeas Petition

The evidentiary hearing was held to give Mr. Morris every benefit of the doubt to ensure he was not held accountable for crimes he did not commit. *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Pro se habeas petitions should be liberally construed"). Given the evidence developed during the hearing, the Court concludes that the documents

Mr. Morris challenges are correctly utilized by the BOP. Petitioner's habeas claims attacking the administrative process in which the documents became a part of his prison file are without merit. The documents in no way improperly affect the length or execution of his sentence.[2] Thus, Mr. Morris' § 2241 Petition should be dismissed with prejudice.

**B.     Privacy Act**

Respondent argues that Mr. Morris' claims are more appropriately tailored for a Privacy Act claim but that such a claim would be futile since the Act exempts a prisoner's PSR and all related information. This Court agrees. Mr. Morris may not use a habeas petition to litigate a Privacy Act claim. *See Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 302 (D.D.C. 2007); *see also Vera v. Outlaw*, 2:10CV00094, 2010 WL 3718382, at *2-3 (E.D. Ark. Aug. 24, 2010) (unpublished). Such a claim must be raised in a separate civil lawsuit. As a result, the Privacy Act does not provide Mr. Morris a remedy in this case.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Mr. Morris' § 2241 Petition (Doc. No. 1) be DISMISSED with prejudice and that the requested relief be DENIED.

---

[2]Even though he denied having been convicted of aggravated assault in 1982, Mr. Morris stated two separate times that he understood the purpose of the hearing was to resolve the issue of whether the documents themselves had been properly authenticated before being placed in his file and not whether the information concerning the 1982 aggravated-assault conviction was true or accurate.

DATED this 28th day of September, 2011.

                                                _____
                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE